# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Cohen Fuller,

     Plaintiff(s),

v.

National Collegiate Athletic Association,

     Defendant(s).

Case No. 2:26-cv-00110-MMD-NJK

**Report and Recommendation**

[Docket No. 7]

Pending before the Court is Plaintiff's amended application to proceed *in forma pauperis*. Docket No. 7.

The Court may authorize the commencement of an action without prepayment of fees and costs, or security therefor, by a person who has shown an inability to pay such costs. 28 U.S.C. § 1915(a)(1). A determination of whether the plaintiff has shown an inability to pay is a matter left to the discretion of the Court. *See, e.g.*, *Flores v. Colvin*, 2014 U.S. Dist. Lexis 93236, at *2 (D. Nev. May 22, 2014), *adopted*, 2014 U.S. Dist. Lexis 93234 (D. Nev. July 9, 2014). "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). While an applicant need not be absolutely destitute to qualify for a waiver of costs and fees, the applicant must demonstrate an inability to pay those costs while still providing for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Although a person's earnings as compared to the poverty line is not the deciding factor on an IFP application, the comparison does provide some context." *Espinoza Rodriguez v. Canyon County*, 2019 WL 3307834, at *1 (D. Id. July 23, 2019).

The circumstances presented do not warrant waiver of the filing fee. Plaintiff has gross income of $6,000 each month (i.e., $72,000 annually), Docket No. 7 at 1, which is nearly 300% of the federal poverty level for a family of three, *see* https://www.healthcare.gov/glossary/federal-

poverty-level-fpl/ (last visited February 10, 2026).[1]  That monthly income is also well above the amounts that have led to denial of *in forma pauperis* status in other cases.  *See, e.g.*, *Brunson v. Soc. Sec.*, 2019 WL 6709544, at *1 (D. Nev. Oct. 31, 2019) (denying in forma pauperis status based on monthly income of $1,397), *adopted*, 2019 WL 6700193 (D. Nev. Dec. 9, 2019).  Moreover, while the application identifies substantial monthly expenses, they appear to evidence spending that would not be expected for a litigant claiming pauper status.  For example, Plaintiff identifies monthly payments on his own car in an amount of $1,000, plus payments towards his girlfriend's car and bills in an amount of $1,400.  Docket No. 7 at 2.  It would certainly be counterintuitive to find a litigant sufficiently indigent to avoid paying the filing fee with those kinds of monthly expenses that he apparently can afford.  *Cf. Espinoza Rodriguez*, 2019 WL 3307834, at *1.  Lastly, the application makes clear that Plaintiff has sufficient funds available in cash or bank accounts to pay the filing fee.  *See* Docket No. 7 at 2.  At bottom, a financial picture has not been painted that Plaintiff cannot afford to pay the filing fee while still providing for the necessities of life.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's application to proceed in forma pauperis be **DENIED** and that Plaintiff be **ORDERED** to pay the filing fee by a date certain.[2]

Dated:  February 10, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and

[1] Given the reference to a son and supporting a girlfriend, the Court treats Plaintiff as having a family of three for present purposes.

[2] Denying an application to proceed *in forma pauperis* is a dispositive matter beyond a magistrate judge's authority.  *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988). As such, the undersigned issues this report and recommendation to the assigned district judge.

recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).